# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA LANGDELL-ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-417-JHP-KEW |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Lisa Langdell-Rogers (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on August 2, 1966 and was 47 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade. Claimant has worked in the past as a retail stocker, day care worker/owner, cook, and cleaner. Claimant alleges an inability to work beginning October 1, 2011 due to limitations resulting from back pain, chest pain, shortness of

breath, depression, anxiety, and high blood pressure.

## Procedural History

On February 29, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration.

On April 24, 2014, Administrative Law Judge ("ALJ") Bernard Porter conducted a further administrative hearing by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma. On July 8, 2014, the ALJ entered an unfavorable decision. The Appeals Council denied review of the ALJ's decision on August 28, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a range of sedentary work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to produce a complete record; (2) reaching an improper and unsupported RFC; and (3) finding Claimant could perform jobs identified at step five.

**The Administrative Record**

In his decision, the ALJ determined Claimant suffered from the severe impairments of coronary artery disease, lumbar disc disease with a compression fracture, obesity, hypertension, depressive disorder, anxiety disorder, cardiomyopathy, and gastroesophageal reflux disease ("GERD"). (Tr. 20). He also found Claimant retained the RFC to perform a range of sedentary work. The ALJ limited Claimant, however, to occasional use of foot controls, occasional climbing of ramps and stairs, never climbing ladders or scaffolds, frequent balancing, stooping, and crouching, occasional knelling, no working in environments with temperature extremes. He also limited Claimant to simple tasks with simple workplace decisions with no more than frequent interaction with supervisors, co-workers, and the public, time off task would be accommodated with normal breaks, and Claimant should be allowed a sit/stand option where she could change positions every 30 minutes, which was described as a brief positional change lasting no more than two or three minutes. Claimant would also be limited to standing and

walking only two hours in an eight hour workday. (Tr. 23).

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of thread separator, dowel inspector, and cuff folder, all of which the ALJ determined existed in sufficient numbers in the state and national economies. (Tr. 27). As a result, the ALJ determined Claimant was not disabled from October 1, 2011 through the date of the decision. (Tr. 28).

Claimant begins by asserting she submitted a medical source statement from Dr. William Willis to the Appeals Council but that the statement is not referenced by the Council in its order denying review and it is not included in the record before this Court. The regulations permit the submission of evidence to the Appeals Council if it is new, material, and related to the period on or before the date of the ALJ's decision. Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). Whether evidence is "new, material and chronologically pertinent is a question of law subject to our *de novo* review." Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003).

Dr. Willis' report is both new - it was not before the ALJ when he made his decision nor before the Appeals Council - and material - the ALJ's decision might reasonably have been different

if the new evidence had been before him when the decision was rendered. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Cagle v. Califano, 638 F.2d 219, 221 (10th Cir. 1981). Since Dr. Willis' had treated Claimant during a relevant period (Tr. 378), it is chronologically pertinent.[2] Thus, the evidence should normally be considered by the Appeals Council.

The legal question posed by the failure of counsel to demonstrate that he submitted the record to the Appeals Council is somewhat novel. However, a similar situation arose in the Chambers case. The claimant's counsel sent additional evidence to the Appeals Council but included the wrong social security number. The Council did not consider the evidence originally upon review or on a request for reconsideration when counsel realized his error. The Tenth Circuit emphasized that new, material, and chronologically relevant evidence must be considered by the Council in the first instance unless the district court determines that the evidence would not meet the criteria for subsequent consideration. Chambers, 389 F.3d at 1142.

This Court takes counsel's word as an officer of the Court that he submitted the report but, without explanation, it was not

---

[2] This Court in no way makes a finding that Dr. Willis served as a treating physician as insufficient evidence exists on that issue as the record currently stands.

7

considered by the Appeals Council or put into the record for this Court to review. As a result, this Court must remand this case for consideration by the Appeals Council of this report before it can be considered on appeal to this Court.

**RFC Determination**

Claimant first asserts error in the formulation of the RFC because the ALJ allegedly failed to develop the record. She contends the ALJ should have obtained a consultative psychological examination because the evidence indicates Claimant was being treated for anxiety and depression. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the

hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

None of these bases for ordering a consultative examination exists in the record. The ALJ did not violate his duty to develop the record by not ordering further medical evaluations.

Claimant next contends the ALJ failed to affirmatively link the RFC to the medical evidence. Claimant opines that had the ALJ considered Dr. Willis' report, it would have altered the findings in the RFC. Since the matter is being remanded for consideration of the report, the ALJ shall reassess his RFC findings.

Claimant also challenges the ALJ's credibility determination. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

**Step Five Analysis**

Claimant contends the hypothetical questions posed to the vocational expert did not accurately reflect the extent and nature of Claimant's limitations. Since the RFC is being reassessed, the

10

ALJ shall reformulate the questions he provides to the vocational expert to reflect Claimant's functional limitations.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE